```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

| | |
|---|---|
| **MARIAN M. HERNDON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-1049-TMP ) |
| **ANDREW M. SAUL,** **COMMISSIONER OF SOCIAL** **SECURITY,** | ) ) ) ) |
| Defendant. | ) ) |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Before the court is plaintiff Marian M. Herndon's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The parties have consented to the jurisdiction of the United States magistrate judge under 28 U.S.C. § 636(c). (ECF No. 10.) For the reasons below, the decision is affirmed.

## I. FINDINGS OF FACT

On February 11, 2016, Herndon applied for disability insurance benefits under Title II of the Act. (R. 309.) Herndon alleged disability beginning on April 1, 2010, due to fibromyalgia, chronic fatigue syndrome, migraines, inflammatory arthritis, back pain and back issues, chronic cystitis, persistent inflammation of the plura, and factor five clotting disorder. (R. 322.) Herndon's

application was denied initially and upon reconsideration by the Social Security Administration ("SSA"). (R. 220; 233.) At Herndon's request, a hearing was held before an Administrative Law Judge ("ALJ") on December 7, 2017. (R. 178.)

After considering the record and the testimony given at the hearing, the ALJ used the five-step analysis to conclude that Herndon was not disabled from April 9, 2010, through her date last insured of September 30, 2012. (R. 13.) At the first step, the ALJ found that Herndon had not engaged in substantial gainful activity during the relevant period. (R. 13.) At the second step, the ALJ concluded that Herndon suffers from the following medically determinable impairments: chronic cystitis, nocturia, obesity, and migraines. (R. 14.) However, the ALJ determined that none of these impairments, either alone or in combination, significantly limited Herndon's ability to perform basic work-related activities for twelve consecutive months. (R. 14.) Accordingly, on May 9, 2018, the ALJ issued a decision denying Herndon's request for benefits after finding that Herndon was not under a disability. (R. 20.) On February 11, 2019, the SSA's Appeals Council denied Herndon's request for review. (R. 1.) The ALJ's decision then became the final decision of the Commissioner. (R. 1.)  On March 4, 2019, Herndon filed the instant action.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Cardew v. Comm'r of Soc. Sec., 896 F.3d 742, 745 (6th Cir. 2018); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole

and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

-4-

for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to Social Security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§

404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Severe Impairment**

Herndon's only argument for reversal is that the ALJ erred in determining that her chronic cystitis, nocturia, and migraines were not severe impairments. To establish the existence of a severe impairment, a claimant "must show that he has an impairment that has lasted or is expected to last for a continuous period of at least twelve months and that his impairment has significantly limited his ability to do basic work activities." Harley v. Comm'r of Soc. Sec., 485 F. App'x 802, 803 (6th Cir. 2012). Basic work activities are "the abilities and aptitudes necessary to do most jobs."[1] 20 C.F.R. § 404.1522(b). This requirement is a "*de minimus* hurdle[.]" Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 576 (6th Cir. 2009) (internal citations and quotations omitted).

All of Herndon's arguments about why her chronic cystitis, nocturia, and migraines should have been considered severe

---

[1] In addition, when a claimant's impairments do not affect his or her ability to do basic work activities, but do affect his or her ability to do past work, the ALJ should find a severe impairment. SSR 85-28, 1985 WL 56856, at *4.

-7-

impairments are based on her own description of the severity of her symptoms during her hearing testimony. However, the ALJ determined that Herndon's description of the severity of her symptoms was contradicted by the evidence in the record. "An ALJ may discount a claimant's credibility when the ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015) (internal citations and quotations omitted). Herndon has not challenged the ALJ's evaluation of her testimony at the hearing about the nature and severity of her symptoms, except perhaps by implication. Arguments by implication are not sufficient to properly raise an issue. See Moore v. Comm'r of Soc. Sec., 573 F. App'x 540, 543 (6th Cir. 2014); see also United States v. Stewart, 628 F.3d 246, 256 (6th Cir. 2010) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Furthermore, even if Herndon had properly raised a challenge to the ALJ's assessment of her hearing testimony, that challenge would not succeed on the merits.[2] As the ALJ observed,

---

[2]At one point in Herndon's reply brief, she argues that the

-8-

although Herndon visited various medical professionals many times during the relevant period to pursue treatment for ailments unrelated to the ones she now asserts are severe, there are very few records from that time reflecting complaints about her chronic cystitis, nocturia, and migraines. (R. 17.) The evidence that is available does not support the extreme limitations Herndon asserted at the hearing. Medical records from after the relevant period "repeatedly note between June 2013 and March 2014 that [Herndon's] migraine headaches were infrequent and controlled with medication." (R. 18.); see also Pondel o/b/o Pondel v. Saul, No. 19-1078-TMP, 2019 WL 6878875, at *5 (W.D. Tenn. Dec. 17, 2019) (evidence from outside the relevant period is material if it tends to shed light on a claimant's ongoing condition). Similarly, medical records regarding Herndon's chronic cystitis and nocturia indicate the conditions were "much improved" with treatment and that its symptoms were "non-problematic." (R. 864.) In addition, two state agency examining physicians opined that Herndon did not have any severe impairments.³ (R. 218; 229-30.) Given this, the

---

government conceded the validity of one aspect of her hearing testimony because "[d]efendants [sic] acknowledged and accepted Plaintiff's statement about this limitation by addressing it in their brief." (ECF No. 29.) This argument is frivolous.

³In her reply brief, Herndon argues for the first time that the ALJ erred in giving these state agency physicians great weight.

-9-

ALJ accurately summarized the record as indicating that Herndon's chronic cystitis, nocturia, and migraines were "generally mild in severity [and] improved with medical treatment[.]" (R. 19.) Substantial evidence supports the ALJ's determination that Herndon's description of the severity of her symptoms was inconsistent with the evidence in the record.

Because all of Herndon's arguments about why the ALJ erred in determining that her impairments were non-severe at Step Two are based on claims about her symptom severity the ALJ rejected as inconsistent with the record (a determination that Herndon has not challenged and that is supported by substantial evidence), Herndon has not developed any arguments about why the ALJ's determination of non-severity was incorrect based on the symptoms of Herndon's impairments the ALJ deemed credible. Herndon has thus not demonstrated that reversal and remand is appropriate.

### III.  CONCLUSION

For the reasons above, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham<br>
TU M. PHAM

---

Arguments raised for the first time in a reply brief are waived. Blythe v. Berryhill, No. 18-1028-TMP, 2019 WL 4277000, at *9 (W.D. Tenn. Sept. 10, 2019).

Chief United States Magistrate Judge

June 12, 2020
Date